John McQueen, Receiver, etc., Appellant, v. Charles E. Lockwood, Respondent.—Judgment reversed, new trial ordered, costs to appellant to abide event.—

VAN BRUNT, P. J. : This action was brought to recover the balance of the proceeds of the discount of certain notes belonging to and made by the Powerville Felt Roofing Company, Limited, which the said company had intrusted to the defendant, its secretary, to have discounted, and with the proceeds thereof to pay certain indebtedness of said company; and also for a balance upon certain cash which the said company had intrusted to the defendant for the same purpose. The complaint alleges that the defendant had fraudulently appropriated and converted to his own use the said balance. The answer admitted the receipt of the notes and the amount realized thereon, and also the receipt of the cash, but denied that the defendant had failed or neglected to pay over said balance for the benefit of said company, or the creditors thereof, or that he had wrongfully appropriated and converted the same to his own use. We think that the errors which have arisen in the trial of this cause were due to the fact that both the parties and the court lost sight of the admissions contained in the pleadings. The defendant upon this argument states that the answer was, in effect, a general denial, whereas, instead of being a general denial, it admitted all the allegations of the complaint except that the defendant had failed to apply to the purposes designated all the moneys which he had received from the company. Upon the trial the plaintiff seems to have thought it incumbent upon him to show by evidence that the relation of debtor and creditor did not exist between the company and the defendant by reason of the transactions alleged in the complaint, whereas in fact the defendant had admitted all the allegations of the complaint in regard to the receipt of the notes and cash for special purposes, and it required no evidence to establish the conditions under which he held the cash and the proceeds of the discounts of the notes. All that it was necessary for the plaintiff to prove in order to make out a cause of action was that the defendant had failed to apply the money in the manner in which he was under obligation to do. Evidence seems to have been given from which this fact might very reasonably be inferred. It was shown that, according to the accounts, there was this balance due from the defendant; that it was demanded of him; that he promised to pay it, and that he did not pay it; that at the time of the demand there was no

denial of the fact that he had not applied the money to the purposes designated, and that he was answerable therefor. It is stated upon the argument of this appeal that the defendant could show that he had applied the money in the manner required by the terms under which he had received it. But no evidence of this kind was offered, and if the defendant was able to establish this application of the moneys received by him it was incumbent upon him so to do. The court seems to have been of the opinion that the evidence did not establish the fact that the defendant held this money in a fiduciary capacity, having no title thereto himself, and was bound to apply it in accordance with the terms of his trust. It is undoubtedly true that the evidence failed to establish any such relation between the company and the defendant. But the existence of such a relation had been admitted by the pleadings, and it was not necessary under such circumstances to establish it by proof. We are of the opinion, therefore, that the learned court erred in dismissing the complaint, and that the defendant should have been put upon his proof to establish the application of the money in the manner in which he was under obligation to apply it. The judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event. Follett and Parker, JJ., concurred.